UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THERESA ANN HILLYARD,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

**DECISION AND ORDER**

1:18-CV-00370 EAW

## INTRODUCTION

Represented by counsel, Plaintiff Theresa Ann Hillyard ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 10; Dkt. 17), and Plaintiff's reply (Dkt. 18). For the reasons discussed below, Defendant's motion (Dkt. 17) is denied and Plaintiff's motion (Dkt. 10) is granted in part. The matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

- 1 -

## BACKGROUND

Plaintiff protectively filed her application for DIB on December 2, 2014, and her application for SSI on January 1, 2015. (Dkt. 8 at 27, 132-33).[1] In her applications, Plaintiff alleged disability beginning January 1, 2015, due to panic attacks, anxiety, carpal tunnel and tendonitis in her left hand, claustrophobia, and depression. (*Id.* at 27, 93, 101). Plaintiff's applications were initially denied on May 18, 2015. (*Id.* at 27, 109-19). At Plaintiff's request, a video hearing was held before administrative law judge ("ALJ") Elizabeth Ebner on May 4, 2017, with Plaintiff appearing in Buffalo, New York, and the ALJ presiding over the hearing from the National Hearing Center, Falls Church, Virginia. (*Id.* at 26-27, 54, 121-22). On June 19, 2017, the ALJ issued an unfavorable decision. (*Id.* at 24-51). Plaintiff requested Appeals Council review; her request was denied on January 24, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-10). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C.

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

§ 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a

finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2019. (Dkt. 8 at 29). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 1, 2015, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: panic disorder; anxiety disorder; affective disorder; left carpal tunnel syndrome and tendinitis; mild left acromioclavicular joint shoulder arthritis; moderate left knee arthritis, mild right ankle arthritis and tendinitis; elevated inflammatory processes of undetermined etiology; hypertension; diabetes; and obesity. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 30). The ALJ particularly considered the criteria of Listings 1.02, 11.14, 12.04, 12.06, and 14.09 in reaching his conclusion. (*Id.* at 30-33).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following additional limitations:

> She can lift, carry, push, and/or pull up to ten pounds occasionally and less than ten pounds frequently, and can sit for up to six hours and stand and/or walk for up to two hours in an eight-hour workday. She can frequently operate hand and foot controls, occasionally reach overhead, and frequently reach in all other directions, handle, and finger. She can occasionally climb ramps and stairs, balance, and crouch, but never kneel, crawl, climb ladders,

- 5 -

ropes, or scaffolds, or work around unprotected heights or dangerous moving mechanical parts. [Plaintiff] can perform simple routine, repetitive tasks not at an assembly line pace involving simple work-related decisions, occasional workplace changes, and occasional interaction with supervisors and coworkers; she can work in proximity to but cannot have any contact with the general public, and would be off-task up to five percent of an eight-hour workday in addition to normal breaks.

(*Id.* at 33). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 44).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of inspector, document preparer, and systems monitor. (*Id.* at 44-45). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 46).

## II. Remand of this Matter for Further Proceedings Is Necessary

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner. (Dkt. 10-1 at 30). Plaintiff contends that the ALJ disregarded several of the medical opinions in the record relating to Plaintiff's mental and physical functioning and, in that context, raises several issues, including: (1) the ALJ improperly evaluated the opinion of Nurse Practitioner David Pfalzer; and (2) the ALJ crafted the physical RFC finding with her lay opinion. (*Id.* at 15-29). For the reasons set forth below, the Court finds that the ALJ erred in failing to further develop the record by obtaining opinion evidence from an acceptable medical source, and determined Plaintiff's physical RFC

based on her own interpretation of the medical record. This error necessitates remand for further administrative proceedings.

### A. The RFC Finding Is Unsupported by Substantial Evidence

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id.* However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). In other words:

> An ALJ is prohibited from "playing doctor" in the sense that an ALJ may not substitute [her] own judgment for competent medical opinion. This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC.

*Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) (quotation and citation omitted). "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted).

The ALJ assessed Plaintiff's physical RFC after affording the opinion of consultative examiner Dr. Hogbiao Liu little weight. Other than the opinion of Dr. Liu, there is no opinion evidence in the record related to Plaintiff's physical impairments. (*See* Dkt. 7 at 39-44). Plaintiff contends that while the ALJ rightly rejected Dr. Liu's report, after that rejection, there was a gap in the record. Plaintiff further argues that rather than

- 7 -

obtaining another opinion, the ALJ erred by "craft[ing] the physical RFC using her own lay opinion." (Dkt. 10-1 at 22).

The Court agrees with Plaintiff that the ALJ in this case erred in assessing Plaintiff's RFC after affording Dr. Liu's opinion little weight and without further developing the record. "While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is 'clear' and contains 'some useful assessment of the claimant's limitations from a medical source.'" *Muhammad v. Colvin*, No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4 (W.D.N.Y. Oct. 26, 2017) (citation omitted). In other words, "the ALJ may not interpret raw medical data in functional terms." *Quinto*, 2017 WL 6017931, at *12 (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 911-13 (N.D. Ohio 2008)).

The ALJ here acknowledged that the evidence suggested Plaintiff was more limited than what Dr. Liu opined and gave Dr. Liu's opinion little weight, stating that she "relied more heavily upon other evidence in evaluating the claimant's physical abilities and functioning." (Dkt. 8 at 43). The ALJ then crafted an RFC determination relying primarily on Plaintiff's treatment records, which the ALJ acknowledges are unclear. (*See, e.g., id.* at 42 ("[E]ven in the absence of a clear diagnosis, I have considered the claimant's inflammation and swelling and presentation on clinical examination in conjunction with her other symptoms and impairments in the above residual functional capacity.")). Therefore, the record was neither clear nor did it contain a useful assessment of Plaintiff's limitations from a medical source. *See Henderson v. Berryhill*, 312 F. Supp. 3d 364, 371 (W.D.N.Y. 2018) (holding the ALJ's RFC finding was improper "[i]n the absence of the

medical opinions rejected by the ALJ" and where the ALJ relied upon "raw medical data" in the plaintiff's treatment notes).

Defendant contends "the burden to prove a claimant's RFC lies with [Plaintiff] . . . and it is Plaintiff's duty to provide medical evidence to support her claim." (Dkt. 17-1 at 28). However, Plaintiff is not solely responsible for developing the record. It is well-established that an ALJ "has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996); *see also Calero v. Colvin*, No. 16 Civ. 6582 (PAE), 2017 WL 4311034, at *9 (S.D.N.Y. Sept. 26, 2017) ("[T]he ALJ has an independent duty to develop the record[.]"). Here, the lack of further opinion evidence creates an obvious gap in the record, and "[i]t is considered reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for [her] to make an informed decision." (quotation omitted). *See Falcon v. Apfel*, 88 F. Supp. 2d 87, 91 (W.D.N.Y. 2000). The ALJ was required to exercise her independent duty to develop the record and, at a minimum, secure another consulting physician to examine Plaintiff and render an opinion as to her functional limitations.

Defendant contends that an "ALJ is obligated to formulate a claimant's RFC based on the record evidence *as a whole*," and that "the RFC finding is not defective merely because it does not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision." (Dkt. 17-1 at 29 (alteration in original) (quotation omitted)). While this is a correct statement of the law, it is irrelevant here, where there was only one medical opinion regarding Plaintiff's physical limitations, which was rejected by the ALJ. In other words, the error in this case is not that the RFC finding does not perfectly

correspond to a particular medical opinion, it is that there was no useful medical opinion at all.

The Court is cognizant that in cases where "the medical evidence shows only minor physical impairments," an ALJ may assess the RFC using "common sense judgment about functional capacity even without a physician's assessment." *Jaeger-Feathers v. Berryhill*, No. 1:17-CV-06350(JJM), 2019 WL 666949, at *4 (W.D.N.Y. Feb. 19, 2019) (quotations and citations omitted). This is not one of those cases. The ALJ identified multiple severe impairments, including left carpal tunnel syndrome and tendinitis, mild left acromioclavicular joint shoulder arthritis, moderate left knee arthritis, mild right ankle arthritis and tendinitis, elevated inflammatory processes of undetermined etiology, hypertension, and diabetes. (Dkt. 8 at 29). The record demonstrates that Plaintiff's leg pain, carpal tunnel syndrome, and tendinitis were ongoing. Plaintiff had leg pain and cramping in July 2014, as well as knee pain in April 2016. (*Id.* at 720, 902). Plaintiff also had hand problems starting in February 2014, and the pain and reduced range of motion remained a problem into at least January 2017. (*Id.* at 726, 1028). The ALJ also found that the evidence supporting Plaintiff's carpal tunnel syndrome, tendinitis, and diabetes—which under the regulations must meet certain requirements to qualify as a medically determinable impairment—was favorable enough to qualify those ailments as severe impairments. (*Id.* at 29). The record reveals that Plaintiff demonstrated moderate to severe carpal tunnel syndrome as well as possible tendinitis in May 2014. (*Id.* at 307). In other words, Plaintiff's severe impairments were ongoing problems for which she received significant treatment, and a medical opinion relating to Plaintiff's functional limitations is

required. *See Zayas v. Colvin*, No. 15-CV-6312-FPG, 2016 WL 1761959, at *4 (W.D.N.Y. May 2, 2016) (concluding that a medical opinion assessing the plaintiff's functional impairments was required where the plaintiff "had several complicated and longstanding impairments").

Defendant's reliance on *Wynn v. Commissioner of Social Security*, 342 F. Supp. 3d 340 (W.D.N.Y. 2018), and *Dougherty-Noteboom v. Berryhill*, No. 17-CV-00243-HBS, 2018 WL 3866671 (W.D.N.Y. Aug. 15, 2018), is misplaced. In *Wynn*, while the ALJ did not afford any opinion controlling weight, the ALJ "discussed four separate opinions relating to Plaintiff's work-related limitations" and explained the bases for using those opinions. 342 F. Supp. 3d at 348-49. Here, in contrast, the ALJ discussed only one medical opinion regarding Plaintiff's physical impairments and did not explain how that opinion was used in the RFC; instead, the ALJ made the generalized statement that she "considered this opinion with the other evidence," and that she "relied more heavily upon other evidence." (Dkt. 8 at 42-43). Additionally, in *Dougherty-Noteboom*, the court noted that even though the ALJ afforded the doctor's opinion little weight, "each element in the RFC relating to plaintiff's physical limitations corresponds with either plaintiff's subjective complaints or with an expert medical source statement," and that the doctor's "opinion was clearly incorporated into the ALJ's RFC assessment." 2018 WL 3866671, at *9. The ALJ's RFC for Plaintiff's physical impairments in the instant matter does not incorporate Dr. Liu's opinion or Plaintiff's subjective complaints, but instead reflects the ALJ's assessment of the treatment records, as previously discussed. Given that "the ALJ's decision here does not clearly reflect what pieces of the opinion evidence the ALJ chose to

incorporate into the RFC or why those pieces were chosen," *Garcia Medina v. Comm'r of Soc. Sec.*, No. 17-CV-6793-JWF, 2019 WL 1230081, at *2 (W.D.N.Y. Mar. 15, 2019), the Court finds remand is appropriate here.

In sum, the ALJ concluded that Plaintiff had multiple severe impairments, including left carpal tunnel syndrome, tendinitis, and diabetes. (*Id.* at 29). Despite these impairments, the ALJ assessed an RFC for Plaintiff's physical impairments based on the underlying treatment records without requesting more opinion evidence as to Plaintiff's functional limitations. This was error. On remand, the ALJ should work to further develop the record to obtain medical opinion evidence addressing Plaintiff's physical functional limitations.

### B. Plaintiff's Remaining Argument

As set forth above, Plaintiff has identified an additional reason why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may

change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 10) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 17) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: January 27, 2020
Rochester, New York